UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CYNTHIA ERNO,

                              Plaintiff,

v.                                                                  1:19-CV-1457
                                                                   (NAM/TWD)

NYS OFFICE OF INFORMATION TECHNOLOGY,

                              Defendant.
_____

APPEARANCES:                                         OF COUNSEL:

LAW OFFICE OF DAVID A. FALLON         DAVID A. FALLON, ESQ.
Counsel for Plaintiff

NYS OFFICE OF ATTORNEY GENERAL     JORGE A. RODRIGUEZ, ESQ.
Counsel for Defendant

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## ORDER

     Presently before the Court in this employment discrimination action is the parties' dispute regarding the contents of a protective order.  At the Court's direction (Dkt. No. 26), the parties submitted letter briefs outlining their dispute and each also submitted a proposed protective order.  (Dkt. Nos. 27, 28.)  The parties agree on the contents of the order except as it relates to the scope of the material that can be designated confidential by Defendant.  Specifically, the parties agree to all categories of information except Defendant's proposal to include "investigatory" information in the proposed protective order.  (Dkt. No. 27 at 1-2; Dkt. No. 28 at 2.)

     On a showing of good cause, Federal Rule of Civil Procedure 26©) provides that the Court may grant a motion seeking a protective order to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense. *See* Fed. R. Civ. P. 26(c)(1). Among other things, the Court may forbid the discovery sought, specify the terms for the discovery, or limit the scope of the discovery. *Id.*

It is well settled that the party seeking a protective order bears the burden of proving that good cause exists and that the issuance of such an order is necessary to protect a party or person. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004); *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992). For purposes of a protective order, "good cause" is established when a party is able to show that a "clearly defined, specific and serious injury" will occur in the absence of such an order. *See In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y.2006) (quoting *Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005). Furthermore, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," are not sufficient to satisfy the burden. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986); *see also Joy v. North*, 692 F. 2d 880, 894 (2d Cir. 1982) (refusing a sealing order where proponent's made only broad allegations that the disclosure of certain information would cause injury), *cert. denied sub nom. Citytrust v. Joy*, 460 U.S. 1051 (1983). While the burden to show good cause remains on the moving party, the Court cannot simply disregard the impact of such an order on the party seeking to obtain discovery, but rather must balance the interests of all parties in coming to its decision. *Mitchell v. Fishbein*, 227 F.R.D. 239, 245 (S.D.N.Y. 2005) ("the appropriateness of protective relief from discovery depends upon a balancing of the litigation needs of the discovering party and any countervailing protectable interests of the party from whom discovery is sought.") (quoting *Apex Oil Co. v. DiMauro*, 110 F.R.D. 490, 496 (S.D.N.Y. 1985)). Ultimately, the decision to grant or deny a protective order lies within the sole discretion of the

Court. *Dove*, 963 F.2d at 19 ("[t]he grant and nature of protection is singularly within the discretion of the district court . . . ."); *Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973).

Here, Defendant asserts that, without a protective order, information about any witnesses who cooperated with Defendant's investigation into Plaintiff's complaints about a co-worker's conduct "would cause clearly defined, specific and serious injury to the cooperating witnesses and Defendant." (Dkt. No. 27 at 2.) Defendant argues, without specific examples, that such disclosure outside of a protective order would make it more difficult for Defendant to conduct such investigations in the future, and it would cause harm to witnesses "who may still be employed with Defendant . . . [and] could potentially create problems with other employees, including Mr. Lubin, who is still employed with Defendant." *Id.*

Conversely, Plaintiff notes that "Mr. Lubin has been quite vocal to his colleagues . . ." about the investigation and ". . . has continued to publically accuse[] [Plaintiff] and witnesses of being liars." (Dkt. No. 28 at 3; *see also* Dkt. No. 1 at 33-34, 84.) Plaintiff also counters that "designating 'investigatory information' confidential would improperly render a large volume of information and anticipated documents in this case confidential" especially since one of the primary issues in this case is ". . . whether or not the Defendant took effective preventative and corrective measures after [Plaintiff] complained of sexual harassment . . . ." (Dkt. No. 28 at 2.)

Under these circumstances, the Court finds Defendant has not shown that a "clearly defined, specific and serious injury" will occur if the investigation information is not covered by the terms of a protective order. Defendant's naked, speculative, and conclusory statements that not including investigation information in a protective order would make it more difficult in the future to conduct such investigations is not a sufficient showing of good cause as required. Defendant has only made

3

broad assertions of harm without providing any specific examples of such harm.  Therefore, in the present situation, the Court finds the Defendant's request to include investigatory information as part of the confidential information as defined under the protective order cannot be sustained. However, nothing in this determination prohibits Defendant from raising any privilege that may apply to such investigatory information.

Accordingly, it is hereby,

**ORDERED**, that Defendant's request for a proposed protective order to include investigatory information is **DENIED;** and it is further

**ORDERED**, that Plaintiff shall submit a proposed protective order to the Court by 10/26/2020, in the same form as Dkt. No. 28-1 except Plaintiff should remove the word "stipulated" from the title and remove the signature lines for counsel and instead insert a signature line for the Court; and it is further

**ORDERED** that discovery deadlines remain as previously scheduled in the Uniform Pretrial Scheduling Order (Dkt. No. 20).

SO ORDERED.

Dated: October 20, 2020
Syracuse, New York

Therèse Wiley Dancks
United States Magistrate Judge