UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CYNTHIA MARIE ERNO,

                Plaintiff,

     -against-

NYS OFFICE OF INFORMATION
TECHNOLOGY SERVICES,

                Defendant.
-----------------------------------------------------------X

Docket No. 1:19-cv-01457
(NAM/TWD)

## STIPULATION AND ORDER OF DISCONTINUANCE PURSUANT TO FED. R. CIV. P. 41(a)

      IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, Plaintiff CYNTHIA MARIE ERNO ("Plaintiff"), the attorney for Plaintiff, and the attorney for Defendant NEW YORK STATE OFFICE OF INFORMATION TECHNOLOGY SERVICES ("Defendant"), that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the above-entitled action be and the same is hereby settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other cases either between the parties to this case or any other parties:

      1.     Plaintiff discontinues this action with prejudice and without damages, costs, interest or attorneys' fees, and discharges and releases Defendant, and the State of New York, including their agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of actions, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action, and further

agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation or claims hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned action, or any results of the aforementioned facts, circumstances or incidents.

2. Defendant discharges and releases Plaintiff from any and all claims, demands, or causes of actions, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action.

3. This action is hereby discontinued with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

4. The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the action, nor shall this settlement be interpreted to be any acknowledgment that Ms. Erno's claims in any way lacked merit. This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts or merits of their respective positions. Nothing contained herein shall constitute an admission by Defendant, that said defendant, the State of New York, or any of their employees or agents, including their agencies, subdivisions, employees, private contractors or assignees, deprived Plaintiff of any right, or of failing to perform any duty under the Constitutions, Statutes, Rules, Regulations or other laws of the United States or the State of New York.

5. The settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This settlement does not form and shall not be claimed as any precedent for, or an agreement by the parties to any generally applicable policy or procedure in the future.

2

6. Following the execution of this stipulation, and it being "so ordered" by the Court, Defendant shall pay to Plaintiff the total sum of THIRTY THOUSAND DOLLARS 00/100 ($30,000.00) in full and final settlement of any and all claims, attorneys' fees, and costs. Of this amount, TWENTY THOUSAND DOLLARS 00/100 ($20,000.00) will be made payable to Plaintiff "CYNTHIA MARIE ERNO", for damages for alleged emotional distress claimed in this action and TEN THOUSAND DOLLARS 0/100 ($10,000.00) will be made payable to the Law Offices of David A. Fallon, which shall represent all sums due under this settlement agreement for attorney's fees, expenses and costs Plaintiff has incurred, in connection with Ms. Erno's claims of discrimination in this case. Defendant shall make no tax or other withholdings from either of these payments. The checks shall be mailed to The Law Offices of David A. Fallon, 1525 Western Avenue, Albany, New York 12203. This settlement payment shall be made in full and final satisfaction of any and all claims, costs or fees. In the event one or more of these checks are lost or destroyed in the mail, the Defendant shall cancel and re-issue said checks within a reasonable period of time after such loss or destruction becomes known to Defendant.

7. Payments by Defendant of the amount specified in paragraph 6 are conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law. Payment of the amounts referenced in paragraph 6 will be made within one hundred and twenty (120) days after the approval of this stipulation by the Court and receipt by Defendant's counsel of a copy of the "so ordered" stipulation.

8. In the event that the terms of paragraph 7 are satisfied, but payment is not made within the 120 day period set forth in paragraph 8, interest shall begin to accrue on the outstanding

3

principal balance at the federal statutory rate on the one hundred and twenty-first day after the Court's approval.

9. <u>General Release in Favor of Defendant</u>

In full consideration of the payment of the sums set forth above, Plaintiff hereby releases Defendant and any and all current and former employees or agents of Defendant in his/her/their individual and official capacities, and his/her/their heirs, executors, administrators and assigns and the State of New York from any and all claims, liabilities and causes of action arising out of the circumstances set forth in the above-entitled action, including but not limited to claims relating to or arising out of any alleged violation of Plaintiff's constitutional rights, and all other causes of action and claims of liability.

10. In further consideration of the payment of the sums set forth above, Plaintiff hereby waives, releases and forever discharges Defendant and any and all current of former employees or agents of Defendant, in his/her/their individual and official capacities, and his/her/their heirs, executors, administrators and assigns and the State of New York, from any and all claims, known or unknown, arising out of Plaintiff's Medicare eligibility for and receipt of Medicare benefits, and/or arising out of the provision of primary payment (or appropriate reimbursement), including causes of action pursuant to 42 U.S.C. § 1395y(b)(3)(A) of the Medicare, Medicaid and SCHIP Extension Act of 2007. Each party shall bear its own costs and fees relating to this proceeding and the costs and fees are waived by the parties against each other, except as set forth herein.

11. <u>Waiver of Attorney's Fees and Lien.</u>

The Law Offices of David A. Fallon hereby releases and waives its lien for services upon the above-named Plaintiff's causes of action, claim, verdict, report, judgment, determination, or settlement in favor of said Plaintiff pursuant to Section 475 of the Judiciary Law or otherwise.

4

12. <u>No Other Attorney</u>

The Law Offices of David A. Fallon further represents that there are no other attorneys having a lien pursuant to the provisions of Section 475 of the Judiciary Law or otherwise for services rendered to Plaintiff.

13. <u>Medicare Certification</u>

Plaintiff represents and warrants that she is not a Medicare recipient and/or Medicare eligible, has never been on Medicare or Social Security Disability Insurance (SSDI), that no conditional payments have been made on her behalf by Medicare, and further that she does not expect to be Medicare eligible and/or a recipient within the next thirty (30) months following the settlement. Plaintiff agrees to deliver a fully executed and notarized Affidavit of Medicare Eligibility Status in the form annexed hereto as Exhibit A ("Medicare Affidavit") to the Office of the Attorney General. Plaintiff and Plaintiff's attorneys acknowledge that receipt of the fully executed Medicare Affidavit together with any required attachments is a prerequisite to payment of the settlement amounts referenced in Paragraph 6. Upon receipt by Defendant's attorney of all required settlement papers, including the fully executed Medicare Affidavit, payment of the settlement shall be made in accordance with this Stipulation.

14. <u>Other Liens</u>

Plaintiff agrees that Defendant and the State of New York shall not be responsible for any liens of any kind which may have attached to the proceeds from this settlement and further agrees that she will defend, indemnify and hold harmless Defendant, its officers, agents and employees and the State of New York in connection with the satisfaction of any such liens.

15. <u>Headings</u>

The headings contained in this Settlement Agreement are for the convenience of reference

only and are not a material part of this Settlement Agreement.

    16.    <u>Submission to the Court</u>

This Settlement Agreement shall be submitted, without further notice, to the Court to be "So-Ordered."

    17.    <u>Counterparts</u>

This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

    18.    The foregoing constitutes the entire agreement of the parties.

Dated: Lake Luzerne, New York

    10/17, 2022

*/s/ Cynthia M. Erno*
CYNTHIA MARIE ERNO, Plaintiff

Dated: Albany, New York

    10/19, 2022

By: */s/ David A. Fallon*
David A. Fallon
The Law Offices of David A. Fallon
Attorneys for Plaintiff
1525 Western Avenue
Albany, New York 12203

6

Dated: Albany, New York

      October 24 , 2022

                              LETITIA JAMES
                              Attorney General
                              State of New York
                              Attorney for Defendant
                              Albany, New York 12224-0341

                                    s/Jorge A. Rodriguez
                              By: _____
                              Jorge A. Rodriguez
                              Assistant Attorney General, of Counsel
                              NDNY Bar Roll No. 516423
                              Telephone: (518) 776-2179
                              Fax:   (518) 915-7740 (Not for service of papers.)
                              Email: Jorge.Rodriguez@ag.ny.gov


Dated:    Syracuse, New York

               October 27 , 2022

        SO ORDERED:

        */s/ Norman A. Mordue*
_____
HON. NORMAN A. MORDUE
SENIOR UNITED STATES DISTRICT COURT JUDGE

EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CYNTHIA MARIE ERNO,

                Plaintiff,

    -against-

NYS OFFICE OF INFORMATION
TECHNOLOGY SERVICES,

                Defendant.
-----------------------------------------------------------X

Docket No. 1:19-cv-01457
(NAM/TWD)

### AFFIDAVIT OF STATUS OF MEDICARE ELIGIBILITY

STATE OF NEW YORK    )
                                ) ss.:
COUNTY OF ALBANY    )

    CYNTHIA MARIE ERNO, being duly sworn, deposes and says:

1.    I am the plaintiff in the above-entitled action, I am a citizen of the UNITED STATES and I reside in Lake Luzerne, New York.

2.    I make this affidavit with full knowledge that it will be relied upon by the State of New York, its agents, employees and representatives ("OAG") in connection with the settlement of this action against defendant NEW YORK STATE OFFICE OF INFORMATION TECHNOLOGY SERVICES and specifically as it relates to the OAG's obligations to comply with the reporting requirements of Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer Act ("MSP").

1

3. I understand that a query will be made pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007, 42 US.C. 1395(B)(8) to verify my current Medicare status.

4. I hereby acknowledge and understand that, as mandated by CMS and promulgated by and through its rules and regulations including but not limited to the MMSEA and/or MSP, I am required to:

   a. reimburse Medicare from the judgment/settlement herein for *conditional payments* Medicare has made for treatment of injuries alleged in this action; and

   b. utilize the judgment/settlement proceeds to pay for future medical expenses, when those expenses are for care or treatment related to the injuries covered by the allegations in this litigation.

5. I further acknowledge that the information provided herein will be relied upon by defendant and OAG as true and accurate and, when applicable, will be used for reporting pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 or as deemed necessary or required by the defendant and OAG.

6. I hereby agree to promptly provide OAG with any and all information that OAG deems necessary and required for its reporting pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007.

**PEDIGREE INFORMATION**

7. I have been known by (include all alias name[s], former name[s] and/or maiden name[s]) the following names: CYNTHIA MARIE ERNO, CYNTHIA MARIE EGNACZYK, CYNTHIA MARIE HEDGEPETH. I hereby acknowledge that I can be identified by this/these name(s) and all these names do, indeed, refer to me.

8. I consent to allow OAG to verify my current Medicare eligibility for purposes of its compliance with Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007.

9. I affirm that:

   a. my social security number is ▓▓▓▓▓▓▓▓

   b. my date of birth is ▓▓▓▓▓▓▓▓

   c. my gender is female.

### CURRENT MEDICARE ELIGIBILITY
*✎ Initial and affirm applicable current Medicare eligibility status ✎*

10. As of the date of this affidavit:

    a. ✎___X C ᵐᶜ I am not currently eligible for Medicare coverage and/or benefits nor have I ever received Medicare coverage and/or benefits;

**OR**

   b. ✎_____ I am a Medicare Beneficiary, and my Medicare number [HIC #] is _____. I am aware of my obligation to reimburse Medicare, as well as any Medicare Part C Plan (also referred to as Medicare Advantage Plans or Medi-Gap Plans and collectively referred to as "Medicare") for payments and/or benefits that I received directly or indirectly from Medicare for medical expenses for injuries that were the subject of this personal injury action. I understand that reimbursement directly to Medicare may be made from proceeds I receive from the [judgment/settlement] of this personal injury action; and

   i. ✎_____ Medicare has confirmed that no payment is due and owing from the total proceeds of the above-captioned litigation. *(Attach copy of Medicare's Conditional Payment letter and/or Final Demand Letter)*; or

   ii. ✎_____ Medicare has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date. *(Attach copy of Medicare's Conditional Payment Letter and/or Final Demand Letter)*. In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the total proceeds of the above-captioned litigation; or

   iii. ✎_____ I am awaiting a Conditional Payment Letter and/or Final Demand Letter or equivalent information from Medicare. Upon my receipt of the necessary documentation, I will promptly provide it to [assigned AAG] and to OAG's Medicare Compliance Officer via email at Medicare.Compliance@ag.ny.gov. I agree that no interest or penalty will be assessed or demanded by me or on my behalf against the OAG for any delay in payment pursuant to the terms and conditions of the [judgment/settlement] in the above-captioned litigation prior to OAG's

3

receipt of any and all necessary documentation from me issued by Medicare (including but not limited to Medicare's Conditional Payment Letter and/or Final Demand Letter). In accordance with Medicare's Conditional Payment Letter and/or Final Demand Letter (referred to, respectively, as Medicare's Letter), I consent to the payment, directly from the total proceeds of the judgment in/settlement of the above-captioned litigation, of the sum stated in Medicare's Letter as the sum that Medicare will accept as full and final reimbursement of all Medicare payments made to date.

**FUTURE MEDICARE ELIGIBILITY**
*🖉 Initial and affirm applicable future Medicare eligibility status 🖉*

11. As of the date of this affidavit:

   a. 🖉___X__C_me_ I do not expect to be Medicare eligible within 30 months of the date of this affidavit and as of the date of the [judgment/settlement] of the above-captioned litigation. I affirm that I:
      i. I have not applied for social security disability (SSDI);
      ii. have not been denied SSDI and anticipating appealing that decision;
      iii. am not in the process of appealing or re-filing for SSDI;
      iv. am not 62.5 years or older; and
      v. do not have End Stage Renal Disease (a qualifying condition for Medicare);

                                          **OR**

   b. 🖉_____ I am not current a Medicare Beneficiary. However, I anticipate that I will be Medicare eligible within 30 months of the date of this affidavit and the date of the [judgment/settlement] of the above-captioned litigation and

      i. 🖉_____ I do not require any future treatment for injuries that are the subject of this personal injury action. The required certification(s) for the injuries alleged in the *[complaint/claim/bill of particulars – **specify all applicable documents**]* is attached. The attached certification confirms that there is no anticipated future treatment required for the injuries sustained in the within personal injury action; or

      ii. 🖉_____ I do require future treatment for the injuries that are the subject of this personal injury action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the above-captioned litigation. I affirm this sum will be used for future medicalexpenses relating to the injuries of this personal injury action; or

4

iii. ✓_____ I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein. Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action. I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the judgment in/settlement of this action to pay for any medical expenses relating to such injuries.

**OR**

c. ✓_____ I am currently a Medicare Beneficiary and

i. ✓_____ I do not require any future treatment for injuries that are the subject of this personal injury action. The required certification(s) for the injuries alleged in the *[complaint/claim/bill of particulars – specify all applicable documents]* is attached. The attached certification confirms that no anticipated future treatment is required for the injuries that are the subject of this personal injury action; or

ii. ✓_____ I do require future treatment for the injuries that are the subject of this personal injury action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the above-captioned litigation. I affirm this sum will be used for future medical expenses relating to the injuries that are the subject of this personal injury action; or

iii. ✓_____ I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein. Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action. I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the judgment in/settlement of this action to pay for any medical expenses relating to such injuries.

_____
CYNTHIA MARIE ERNO

Sworn to before me this
19th day of OCTOBER, 2022

_____
NOTARY PUBLIC

5

MARILYN E HOGAN
Notary Public, State of New York
Reg. No. 01HO6200852
Qualified in Saratoga County
Commission Expires 02-09-2025